Murray, J., Concurring.
While I concur in the majority's opinion, I write separately to note two differences between this case and *191 Wilde v. City of Dunsmuir (2018) 29 Cal.App.5th 158 ( Wilde ).
First, in Wilde , the city's resolution changing water service rates included a major upgrade of the city's water delivery infrastructure. As we noted, "The new water rates are the product of a newly formulated set of policies that implemented a new set of choices: to replace a 105-year-old water storage tank as well as selected old water mains. [The plan] also represents policy choices about how to allocate the new infrastructure costs." ( Wilde , supra , 29 Cal.App.5th at p. 174.) The proposed referendum challenged the entire resolution and "would have had the effect of reverting to the City's 1994 Water Rate Master Plan. [The] referendum would have prospectively cancelled the City's newly adopted master plan to spend $15 million on infrastructure and reallocation of water costs." ( Id. at pp. 176-177.)
*305 Thus, the Wilde referendum challenged both the new levy and the proposed infrastructure plan - not simply a statute providing "for tax levies or appropriations for usual current expenses of the State." ( Cal. Const., art. II, § 9, subd. (a), italics added.) Indeed, as we said in Wilde , "the fact that [the resolution] includes a financial component does not insulate it from challenge by voter referendum. The resolution does not represent the ordinary working or budgeting of the City." ( Wilde , supra , 29 Cal.App.5th at p. 178.) Here, by contrast, the proposed referendum challenges only a new rate plan.
Second, in Wilde , we did not address the question of whether the water service charge was a tax because the parties had agreed it was a fee, not a tax. ( Wilde , supra , 29 Cal.App.5th at p. 172, fn. 3.) This seemed consistent with my view that the Wilde referendum did not solely challenge a levy for the "usual current expenses" ( Cal. Const., art. II, § 9, subd. (a)), but also effectively rejected the proposed changes to the water delivery infrastructure.
Thus, while the bottom line conclusion we reach in this case differs from that in Wilde , as the majority so states (Maj. opn., ante , p. 174), it is different because we address an argument the parties appropriately took off the table in Wilde because that case involved two components: a financial component reflected in water rate changes, and a new service delivery component, not part of the "current expenses" of the city.